## CONSTANT SOUTHWORTH *vs.* SILAS SMITH.

Where a party designedly absents himself from home, for the fraudulent purpose of avoiding a tender, he cannot object, that no tender was made.

If A., the purchaser of real estate at a sale on execution, when B., a purchaser of the debtor's right to redeem, attempts to make him a tender of the money due, is absent from home by necessity or other cause, and without any intention to evade a tender, and in consequence of such absence, and by the use of due diligence, B. is unable to find A., or any person authorized to act in his behalf, and is thereby prevented from making the tender seasonably, no forfeiture of the estate is thereby incurred; and, in such case, it is not necessary that there should be a precise and accurate count of the money, provided B. was prepared to make the tender; or that B. should offer the money to any one, or leave it where A could control it; or that A. should know that B. had the right to redeem from the sheriff's sale, provided B., when he goes to make the tender, produces his deed, and declares that he stands in the place of the debtor.

THIS was a writ of entry, to recover certain lands in Great Barrington, and was tried before *Dewey,* J., whose report thereof was as follows :

On the 27th of May, 1848, Smith, the tenant, purchased one Benjamin Cole's equity of redemption of the lands described in the writ, under a sheriff's sale on an execution in his favor against Cole. The demandant, on the 24th of May, 1849, purchased Cole's right in equity to redeem the said equity of

redemption from the sale on execution; and on the same day, went to Smith's house with the money required to redeem the estate, and was informed by the family, that Smith had gone to the state of Connecticut. Two days after, he went again to Smith's house, in company with two witnesses; and on inquiry for Smith, was informed by his family that he had not returned from Connecticut. The demandant then asked Smith's son, if there was any person authorized to receive the money due to Smith, upon his purchase of the equity, and offered it to any one authorized to receive it; and was told that there was no one. He then and there stated that he had a deed of Cole's right to redeem and stood in his room, and exhibited his deed. He then put the money upon the table, and the witnesses, as one of them testified, counted the same; one of them counted about two thirds of the money, and the other counted the rest; and the first counted over about half of the part counted by the second. It was then stated to the family, that the demandant's purpose, in coming there, was to tender the amount due to Smith. The money was taken back by Southworth, and carried and deposited in the Mahaiwee Bank; and upon the entry of this action, was brought into court and left there, ready for Smith. The question was left to the jury, whether Smith, on the 24th, 25th, 26th, and 27th of May, designedly absented himself from home, to prevent a tender; and they found that he did.

The defendant contended, that, upon the foregoing facts, this writ of entry was not the proper remedy; that the action could not be maintained; and that the tender was insufficient in law. The court are to enter such judgment as may be proper.

*I. Sumner,* for the demandant, cited *Allshouse* v. *Ramsay,* 6 Whart. 331; *Blight* v. *Ashley,* Peters C. C. 15, 24; 2 Greenl. Ev. § 603; *Bingham* v. *Allport,* 1 Nev. & Man. 398; 2 Bouvier Law Dict. Tender, and authorities there cited; *Kemble* v. *Wallis,* 10 Wend. 374; *Coit* v. *Houston,* 3 Johns. Cas. 243; *Warren* v. *Mains,* 7 Johns. 476.

*C. N. Emerson,* for the tenant, cited Bac. Ab. Tender, &c B; 3 Steph. N. P. 2604; *Ryder* v. *Townsend,* 7 Dowl. & Ryl 119.

BIGELOW, J.   The jury having found by their verdict in this case, that the tenant designedly absented himself from home, for the fraudulent purpose of avoiding the demandant's tender, the tenant cannot now be permitted to set up, as a defence to this action, that no tender was made.   The law does not allow a party to defeat another's rights by fraud.

But even if the tenant had not purposely avoided, and had been absent from home from necessity or other causes, with no intention to evade a tender, and in consequence of such absence, the demandant, by the use of due diligence, was unable to find the tenant, or any person authorized to act in his behalf, and was thereby prevented from making the tender seasonably, no forfeiture of the estate would be incurred. The demandant has shown a readiness and due effort on his part to perform the legal duty required of him, and a failure to accomplish it through no fault on his part, but because the act of the tenant had put it out of his power.   *Lex non cogit ad vana seu impossibilia.*   *Borden* v. *Borden,* 5 Mass. 67, 74; *Gilmore* v. *Holt,* 4 Pick. 258, 264; *Tasker* v. *Bartlett,* 5 Cush. 359.

It was urged as an objection, that the demandant had not done all that was necessary, because it did not appear that the money was counted, or its amount accurately ascertained. But the evidence, as reported, is amply sufficient to warrant a jury in drawing the inference, that the demandant was prepared to make the tender; that he went to the tenant's house for that purpose, in company with two witnesses; and that the money was there produced and counted.   But, without this evidence, it is enough for the demandant to show, in the absence of the tenant, and of any agent authorized to receive the tender, his readiness to make it, without proving a precise and accurate count of the money.   The same reason which excuses a tender is a sufficient answer to this objection.

Nor can it be reasonably contended, upon the evidence in this case, that it was the duty of the demandant to offer the money to any one, or to leave it where the tenant could control it.   He was distinctly informed that the tenant was absent from the state, and that no one was authorized to receive the

money in his behalf. We know of no principle of law which requires a party, under such circumstances, to put a large sum of money out of his own hands, into the possession of an unauthorized person, and thus unnecessarily incur the risk of its loss through accident or fraud.

It was also urged by the counsel for the tenant, that the tenant did not know that the demandant had the right to recover the premises, and was not, therefore, bound to be in readiness to receive the money from him. But it appears by the evidence, that the demandant, when he went to make the tender, produced his deed of the demanded premises, and stated that he stood in the place of Cole, the original owner of the right of redemption. Now, the tenant well knew that the right to redeem this estate was still outstanding; and he must be supposed to have known that this right was an interest in real estate, which could be legally conveyed. It could make no difference to him or his rights, whether his money was paid by one person or another, and he was legally bound to receive it from him to whom the right to redeem belonged. It was therefore sufficient to show that the demandant claimed this right, produced his deed thereof from the original owner, and was ready to pay the money due.

The objection to the form of action being waived, the exceptions are overruled, and judgment is to be rendered on the verdict, for the demandant.